IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE

| | |
|---|---|
| JAMES DOE, ON BEHALF OF ) <br> HIS MINOR CHILD, LUCY DOE ) <br> ) <br> PLAINTIFF, ) <br> ) <br> V. ) <br> ) <br> METROPOLITAN GOVERNMENT ) <br> OF NASHVILLE AND DAVIDSON ) <br> COUNTY, TENNESSEE D/B/A ) <br> METROPOLITAN NASHVILLE ) <br> PUBLIC SCHOOLS, ) <br> ) <br> DEFENDANT. ) | Case No. _____ |

## COMPLAINT

Comes Plaintiff, James Doe on behalf of his minor child, Lucy Doe, and brings this cause of action against Defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee D/B/A Metropolitan Nashville Public Schools for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*. and violations of 42 U.S.C. § 1983.

## PARTIES

1. James Doe[1] is the Father of his minor child Lucy Doe and is a resident of Davidson County, Tennessee.

2. Lucy Doe is a minor child in the custody of James Doe and was. At all times relevant to this Complaint, a resident of Davidson County, Tennessee. At the time of the events described herein, Lucy Doe was a 12-year-old student in the 7th grade at John F. Kennedy

---

[1] The names of the Plaintiffs have been withheld due to the sensitive nature of the subject matter of this action. Instead, Plaintiffs' pseudonyms have been used pursuant to Fed. R. Civ. P. 5.2(a)(3). While the parents. are not minors, their names have also been withheld to protect the identity of the minor child. The identities of the Plaintiffs will be provided to Defendant's attorney upon request.

1

Middle School.

3. Metropolitan Government of Nashville Davidson County Tennessee D/B/A Metropolitan Nashville Public Schools is a governmental entity receiving state and federal funds to operate the Metropolitan Nashville Public School System (hereinafter "Defendant").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*., and 42 U.S.C. §1983.

5. Jurisdiction over the Defendant is proper as Defendant, through its school board, operates the public schools for Davidson County, Tennessee, including John F. Kennedy Middle School. Defendant receives state and federal funding to operate John F. Kennedy Middle School and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) and 42 U.S.C. §1983.

6. Venue is proper, in that, the acts complained of occurred in the Middle District of Tennessee, namely in Nashville, Tennessee at John F. Kennedy Middle School.

**FACTS**

DEFENDANT'S OBLIGATIONS UNDER TITLE IX AND §1983

7. Defendant has an obligation under Title IX and the U.S. Constitution to prevent the exclusion of female students from educational opportunities in the public-school system due to sexual harassment and violence. The United States Department of Education's Office for Civil Rights ("OCR") has issued guidance documents to Defendant, including "Dear Colleague" letters, which explain a school's obligations and responsibilities under Title IX. This guidance also applies to a §1983 claim for equal protection in education based on gender.

2

8. In particular, the guidance issued by the OCR includes a school's obligation to do the following:

   a. Appoint and train a Title IX coordinator and provide visibility to students and parents of the availability of such coordinator.
   b. Adopt, publish, and provide notice to students and parents of grievance procedures providing for the prompt and equitable resolution of student sex discrimination complaints.
   c. Independently investigate complaints of sexual harassment or violence, apart from any separate criminal investigation by local police.
   d. Establish appropriate disciplinary policies that do not have a chilling effect on victims' or other students' reporting of sexual harassment.
   e. Notify the complainant of his or her options to avoid contact with the alleged perpetrator(s) and allow the complainant to change academic and extracurricular activities.
   f. Take proactive measures to eliminate a hostile environment and prevent recurrence of any sexual harassment or violence.
   g. Provide age-appropriate training regarding Title IX, including training on the school's process for handling complaints.

9. At all times relevant hereto, Defendant was fully aware of its obligations under Title IX, as the OCR documents were linked on the website of Metro Nashville Public Schools, under the general heading of Policies and Procedures.

10. Additionally, Defendant had further notice of its obligations under Title IX as Defendant was previously sued in the case of *Lopez v. Metropolitan Government of Nashville and Davidson County*, Case No. 3:07-CV-799, Middle District of Tennessee, Nashville Division, for which a consent decree was entered in 2010. Defendant was further sued in the consolidated case under Docket #3:17-CV-1098, which involved four separate plaintiffs. Defendant is aware of the discovery in that case, specifically the summary judgment findings and orders of the court as to Defendant's obligations.

NOTICE OF HOSTILE SEXUAL ENVIRONMENT

11. Prior to the incident at issue, the administration of John F. Kennedy Middle School

was aware that students would engage in inappropriate behavior, including intimate interactions in common areas of the school if left unsupervised.

12. Furthermore, the administration of John F. Kennedy Middle School was aware that the inappropriate sexual activity had previously occurred on multiple occasions in the Nashville public school system.

13. Furthermore, the administration of John F. Kennedy Middle School was specifically made aware of the inappropriate sexual conduct and harassment being perpetrated upon the Plaintiff, Lucy Doe, from complaints of Lucy Doe and subsequent additional complaints by her father to John F. Kennedy Middle School administrators.

14. Accordingly, the Defendant was fully aware that such conduct was occurring and would reoccur within its school system, and specifically at John F. Kennedy Middle School without intervention by the school system.

15. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide prevalence of sexual harassment and bullying, that was occurring within its school system.

16. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' rights to educational opportunities.

17. The OCR's "Dear Colleague" letter of April 4, 2011 states that during the 2007-2008 school year alone, there were 800 reported incidents of rape or attempted rape and 3,800 reported incidents of sexual batteries at public high schools. Defendant knew or should have known of these statistics as it was a recipient of the April 4 letter. Based on such statistics, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims and/or harassment and/or bullying could result in the creation of a hostile environment for female students

and thus violate a student's rights.

18. Defendant was further shown during discovery in the consolidated case under Docket #3:17-CV-1098, which consisted of the amount of sexual harassment and sexual misconduct occurring in Metro Schools as set forth in the sworn depositions of Defendant's administrative hierarchy

DESCRIPTION OF OCCURENCE

19. On or about November 5, 2018, Lucy Doe, a 12-year old 7th grader at John F. Kennedy Middle School, was sexually assaulted by a male student on the school bus. The male student grabbed Lucy Doe's genitals and groped her.

20. Lucy Doe told her father, James Doe, about the groping incident and they reported it to School Resource Officer Larry Williams on November 5, 2018. James Doe repeatedly asked to be given a copy of the police report on the incident, which he did not receive until November 9, 2018.

21. Despite the report being filed, the perpetrator of Lucy Doe's sexual assault was not removed from the bus, suspended from school, or arrested. The school did nothing to ensure Lucy's safety and continued to stand by and do nothing to address the issue.

22. During the November 5 reporting of the incident, James Doe felt like Officer Williams was treating the situation flippantly. He told James and Lucy Doe that the perpetrator "probably just likes you," and smiled. James Doe replied that "just because you like somebody, doesn't mean you can grab and squeeze their private parts. That's a criminal offence." Throughout the interview, James Doe felt like Officer Williams was treating the situation "like a joke." The principals at the school were also informed and failed to take the complaints seriously.

23. Over November and December of 2018, Lucy Doe was repeatedly sexually assaulted by the same male student. She was groped several times on the bus and the perpetrator grabbed her genitals in the hallway while classes changed. Lucy told her father that she was not the only female student who was being sexually assaulted at the school by various perpetrators.

24. Seeing that the groping incidents were not being addressed by the school, James Doe went to meet with the Assistant Principal of John F. Kennedy Middle School, Dr. Claire Jasper in December 2018. James demanded to know why the school was doing nothing about the continued harassment and sexual assault of his daughter. Dr. Jasper refused James' demands to have the perpetrator arrested and advised him to have Lucy transfer schools instead.

25. By January 2019, Lucy's safety on the bus and at school had not been addressed, and she was once again groped by the same perpetrator. James Doe met with Interim Principal Dr. Dorothy Gunn to express his anger and frustration at the school's refusal to impose consequences on the boy who was repeatedly victimizing his young daughter. Dr. Gunn told James to calm down and said the perpetrator's father was on his way and wanted to talk to James.

26. James Doe spoke to the perpetrator's father who made excuses for his son and offered no constructive steps to prevent continued sexual assaults. The boy's father said he was acting out. James insisted that the boy needed help, otherwise he should be arrested.

27. Defendant failed to remove the harassment from the school bus and hallways. Lucy continued to live in objectively real fear of being assaulted on a daily basis. Her once-sunny disposition had been replaced by a fearful, anxious one. Her grades dropped and she began hurting herself as a way of coping with her terror.

28. In March 2019, James Doe was called in to meet with interim principal Dr. Gunn and Assistant Principal Todd Lark. Lucy was facing a two-day suspension for refusing to give up

6

Case 3:20-cv-00004   Document 1   Filed 01/02/20   Page 6 of 13 PageID #: 6

her cell phone when a teacher asked. Lucy needed her cell phone as protection against further attacks. It was integral to her sense of safety. James tried to explain this to the principals, but Dr. Gunn insisted that the sexual assault and groping "was over" and Lucy needed to "get over it." James left feeling disgusted with the school administration and their refusal to confront the pattern of sexually predatory behavior among male students.

29. Seeing that the school would do nothing to protect his daughter, James Doe was forced to transfer Lucy and her younger sister to a different school district.

30. Lucy Doe has suffered past and present emotional and physical harm, which will continue to be psychologically devastating to her well into the foreseeable future. Her injuries were caused by the Defendant's failure to comply with Title IX by failing to adequately train its employees to prevent such sexual harassment in the first instance and, if occurring, to investigate and prevent ongoing harassment and assault, as well as mitigate the damages resulting from the harassment.

31. If the administration of John F. Kennedy Middle School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, taking effective steps to prevent the creation of a hostile environment in the first place, by properly addressing the continued sexual assault of Lucy Doe.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF TITLE IX *BEFORE* INCIDENT

32. Plaintiff asserts that the conduct set forth above, in paragraphs 1-35, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

33. Plaintiff asserts that Defendant failed to comply with Title IX through deliberate

indifference and the clearly unreasonable acts and omissions that created a hostile sexual environment to female students *before* the instance of unwelcome sexual conduct to Lucy Doe.

34. Defendant failed to comply with Title IX *before* the incident at issue occurred by:

   a. Failing to adequately train its employees of the requirements of Title IX.

   b. Failing to educate students about Title IX.

   c. Failing to inform students of the ramifications for engaging in conduct that violated Title IX.

   d. Permitting inappropriate sexual conduct between students to occur in the presence of school staff.

   e. Creating an environment that enabled sexual conduct to occur by allowing inappropriate sexual harassment and assault to occur undisciplined.

   f. Failing to take appropriate action to address and curtail the system-wide practice of malicious harassment and bullying, even though the Defendant was fully aware that such activity was occurring in its school system.

   g. Failing to adequately discipline students engaged in behavior that creates a discriminatory and hostile environment for female students.

   h. Failing to educate, warn, and discipline students for inappropriate sexual assault and harassment of other students.

35. Had the Defendant complied with Title IX before the incident occurred, the complained of harassment and/or unwelcome sexual activity would have been prevented.

**COUNT II – VIOLATION OF TITLE IX *AFTER* INCIDENT**

36. Plaintiff asserts that the conduct set forth above, in paragraphs 1-39, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

8

37. Lucy Doe was subjected to student-on-student sex-based harassment, that was so severe, pervasive, and objectively offensive that it created a hostile educational environment and deprived Lucy Doe of educational opportunities and benefits provided by the school.

38. Plaintiff alleges that Defendant had actual knowledge of (1) the sexual assault and (2) the continuing harassment, but failed to promptly and appropriately respond, instead acting with deliberate indifference.

39. Defendant's policies discourage sexual assault victims from coming forward and have a disparate impact on female students, further demonstrating deliberate indifference.

40. Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and a clearly unreasonable response *after* unwelcome sexual conduct occurred that created an environment of continued harassment.

41. Defendant violated Title IX *after* the incident at issue occurred by:

   a. Failing to inform Plaintiff of the requirements of Title IX.

   b. Failing to inform Plaintiff of the existence of a Title IX coordinator.

   c. Failing to conduct a Title IX investigation separate and apart from the criminal investigation.

   d. Failing to assure Lucy Doe the behavior would not reoccur.

   e. Failing to adequately punish the students who engaged in the unwelcome sexual activity.

   f. Failing to adequately punish or deter all students who harass or participate in inappropriate sexual activity.

   g. Failing to exercise control over the alleged harassment.

   h. Failing to take adequate steps to allow the Plaintiff to complete her education in a safe environment free of sexual harassment.

        i.      Failing to prepare or implement a plan to permit Lucy Doe to continue her education in the public-school system without fear of ongoing harassment and sexual assault.

42. Compliance with Title IX after the incident occurred would have prevented the continued harassment and assault, which ultimately resulted in the dramatic decline in Lucy Doe's grades, and forcing her to transfer to a school in a different county to escape.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 FAILURE TO TRAIN

43. Plaintiff asserts that the conduct set forth above, in paragraphs 1-46, constitutes a violation of 42 U.S.C. § 1983, which resulted in the dramatic decline in Lucy Doe's grades, and ultimately resulted in her being forced to transfer schools. Both the academic decline, which is noted on her permanent academic record, as well as the mental stress she has suffered, were caused by Defendant's conduct as complained of above.

44. Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by failing to train its employees on the proper handling of complaints of sexual assault and harassment.

45. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide prevalence of known severe, pervasive, and objectively offensive sexual harassment repeatedly conducted against students by other students.

46. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the utter failure of the John F. Kennedy Middle School administration to comply with Title IX requirements in response to the incident involving Lucy Doe.

47. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' equal protection rights.

48. Based on the statistics contained in the OCR's April 4, 2011 letter, as well as the extensive records of sexual harassment and misconduct, of which Defendants were on notice and aware of as set out in the court ruling on summary judgment in the consolidated case under Docket #3:17-CV-1098, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims could result in the creation of a hostile environment for female students and thus violate a student's equal protection rights.

49. Lucy Doe's injuries were closely related to or actually caused by the Defendant's failure to adequately train its employees.

50. If the principal and administration of John F. Kennedy Middle School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, taking effective steps to prevent the creation of a hostile environment in the first place by properly addressing the repeated sexual assault of a female student.

**COUNT IV – VIOLATION OF 42 U.S.C. § 1983 DELIBERATE INDIFFERENCE TO ONGOING HARASSMENT**

51. Plaintiff asserts that the conduct set forth above, in paragraphs 1-54, constitutes a violation of 42 U.S.C. § 1983. Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by its inadequate response to the incident and its deliberate indifference to the ongoing harassment, which resulted in the decline in Lucy Doe's grades and subsequent transfer. Both the academic decline, which is noted on her

permanent academic record, as well as the mental stress she has suffered, were caused by Defendant's conduct as complained of above.

## DAMAGES

52. As a result of the Defendant's acts and omissions as set forth above, Lucy Doe has suffered both physical and emotional injuries, including severe humiliation, embarrassment, loss of enjoyment of life, and loss of educational opportunity.

53. Plaintiffs therefore seeks damages for past and future medical expenses, past and future pain and suffering, past and future emotional injuries, including severe humiliation and embarrassment, past and future loss of enjoyment of life, past and future loss of educational opportunity, and all other damages available for violations of Title IX and 42 U.S.C. § 1983, including punitive damages to deter future noncompliance and injunctive relief to prevent harm to future potential victims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1. That process issue requiring the Defendant to answer within the time provided by law; an award of all damages available under Title IX, including but not limited to, payment of Lucy Doe's expenses incurred as a consequence of the Title IX violations damages for deprivation of equal access to the educational benefits and opportunities provided by the Defendant, and damages for past, present, and future physical and emotional pain and suffering, ongoing and

severe mental anguish, and loss of past, present, and future enjoyment of life, in the amount of $3,000,000.00;

1. An award of punitive damages pursuant to 42 U.S.C. § 1983.

2. Injunctive relief requiring Defendant to comply with the requirements of Title IX by using the Title IX Coordinator to actually coordinate Title IX incidents and not delegate this responsibility to untrained and/or undertrained principals.

3. Reasonable attorney's fees pursuant to 42 U.S.C. §1988 (b) and/or other statutory authority;

4. Such further relief that this Court deems proper to enforce Title IX in the Nashville Metropolitan Public-School District.

Respectfully Submitted,

s/ Stephen Crofford
Stephen Crofford #12039
Mary Parker #6016
**PARKER AND CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445
stephencrofford@msn.com
mparker@parker-crofford.com

Attorneys for Plaintiffs